IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WRS, INC.

    Plaintiff

vs.

AMAZING FANTASY ENTERTAINMENT, INC.,
FULL MOON ENTERTAINMENT, INC. AND
CHARLES R. BAND

    Defendants

No. 2:20-cv-1236

### COMPLAINT

AND NOW comes Plaintiff, WRS, Inc., by and through its counsel, Thomas E. Reilly, Esquire and Thomas E. Reilly, P.C., with the following Complaint and avers as follows:

1. WRS, Inc., which is a Pennsylvania Corporation, which was reorganized in a Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Pennsylvania at Case No. 91-28759-MBM.

2. Defendant, Amazing Fantasy Entertainment, Inc., is a suspended Corporation that was organized under the Laws of California, which had as its registered corporate office 1645 Vine St. 9th Floor Los Angeles, CA 90028, and for which its Articles of Corporation designate Michael Wolf, Esquire as agent for service of process at 11400 West Olympic Boulevard, Ninth Floor Los Angeles, CA 90064.

3. Defendant, Full Moon Entertainment, Inc., is a suspended Corporation that was organized under the Laws of California that also conducted business at 1645 Vine St. 9th Floor, Los Angeles, CA 90028.

4.      Defendant, Charles R. Band, is an individual principal of the two corporate Defendants and a citizen of Los Angeles, California, who utilizes the business address of 1626 North Wilcox Ave No.474, Hollywood, CA 90028.

5.      Jurisdiction in this court is based upon diversity of Citizenship and an amount in controversy in excess of $75,000 pursuant to 28 U.S.C. §1332(a).

6.      On April 6, 1999, Judgment was entered against Defendants in the United States District Court for the Western District of Pennsylvania in the sum of $268,582.37, plus interest, costs and attorney's fees at Case No. 2-99-CV-00048-AJS.

7.      By a subsequent Order of Court dated June 25, 1999, the United States District Court for the Western District of Pennsylvania amended the Judgment to increase the amount to $276,937.58, plus interest at the rate of 4.732 percent from April 5, 1999 and additional attorney's fees that might be incurred in enforcing the Judgment.

8.      In October of 2005, Plaintiff undertook action to enforce the Judgment at Case No. 2-99-CV-00048-AJS by issuing a writ of execution and moving for supplemental relief in aid of execution. This ultimately led to Defendant, Charles Band, being held in contempt of which he purged himself by appearing for deposition for discovery of assets in aid of execution. However, Plaintiff's efforts did not result in any payment on the Judgment.

9.      By Order of Court of October 25, 2006, the United States District Court for the Western District of Pennsylvania awarded Plaintiff attorney's fees and costs of $31,067.64, which increased the principal amount of the Judgment to $308,005.62. The Court also computed the interest that had accrued as of October 13, 2006 to the sum of $100,385.64, thereby increasing the principal amount of the Judgment and bringing the

total amount then due to $408,391.26, plus interest at the rate of 4.732 percent on the principal amount of $308,005.62 from October 13, 2006. A copy of this Order is marked Exhibit "A", attached hereto and made a part hereof.

10. The Order of October 25, 2006 was entered based upon the proceedings undertaken in Pennsylvania to enforce the Judgment and to obtain supplemental relief in aid of execution, including discovery of assets of Defendants.

11. Plaintiff also transferred the Judgment to the United States District Court for the Central District of Los Angeles where the Certification of the Judgment was recorded on September 20, 1999 and where efforts were made to enforce the Judgment which did not result in any payment toward the Judgment debt.

12. By Order of April 5, 2010, the Judgment entered in California was amended by The Honorable Alicemarie H. Stotler to reflect the amount of the Judgment as confirmed by the Order of the United States District Court for the Western District of Pennsylvania dated October 25, 2006. The Order is marked Exhibit "B", attached hereto and made a part hereof.

13. As of July 1, 2020, the Judgment entered in the United States District Court for the Western District of Pennsylvania and as transferred to the United States District Court for the Central District of California remains unsatisfied.

14. Under the California Code, a Judgment entered in California must be "renewed" every 10 years in order to be enforceable Cal. Code Civ. Proc. § 683.040.

15. The Judgment entered as modified on April 5, 2010 was not renewed prior to April 5, 2020.

16. As a result, the Judgment entered in the United States District Court for the Central District of California may be currently unenforceable, but the Judgment obligation under the Judgment in the Western District of Pennsylvania remains due, owing and unsatisfied.

17. As of July 1, 2020, the amount owed on this Judgment and unsatisfied is as follows:

| | |
|---|---|
| Amount of the Judgment as of 10/13/2006: | $408,391.26 |
| Interest from 10/13/2006 to 07/01/2020 on $308,005.62: | $199,774.95 |
| Total as of 07/01/2020: | $608,166.21 |

18. Under the Orders of Court previously entered, the interest accrues on the sum of $308,005.62 at 4.732 percent per annum, or $39.91, per day from July 1, 2020.

19. Although the Judgment remains unsatisfied, under 42 Pa.C.S.A§5529 (b) Plaintiff maybe precluded from issuing execution against personal property on the judgment at Case No. 2-99-CV-00048-AJS which was entered more than 20 years ago despite execution having been issued in 2005 and the Judgment revised by order of Court in 2006.

20. After 20 years, judgments in Pennsylvania are subject to a rebuttable presumption of payment and are not deemed paid.

21. Plaintiff brings this action seeking a new Judgment, because the obligation evidenced by the original Judgment at Case No. 2-99-CV-00048-AJS has not been paid despite Plaintiff's efforts to enforce the Judgment, in order to obtain a Judgment that will enforceable against real and personal property of Defendants.

WHEREFORE, Plaintiff, WRS, Inc., respectfully requests that the Court enter Judgment in favor of Plaintiff and against Defendants, Amazing Fantasy Entertainment, Inc., Full Moon Entertainment, Inc., and Charles R. Band, in the sum of $608,166.21 with interest thereon at the rate of $39.91 per day, consisting of the interest at the rate of 4.732 percent, on the sum of $308,005.62 from July 1, 2020 and for the additional attorney's fees incurred by Plaintiff in moving to enforce this Judgment as provided in the prior Orders of Court.

THOMAS E. REILLY, P.C.

August 19, 2020
Date

By: _____
Thomas E. Reilly, Esquire
Pa. I.D. #25832
1468 Laurel Drive
Sewickley, PA 15143
(724) 933-3500
(724) 933-3505 (fax)
tereilly@tomreillylaw.com